# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JULIUS GARRISON,

                Plaintiff,

v.

KYLE TRITT, JOSEPH BEAHM, JEREMY STANIEC, LT. NELSON, LT. MITCHELL, ANDREW LARSON, LT. DINGMAN, C.O. LEOPOLD, C.O. RUSSELL, and C.O. DANIKA CANTU,

                Defendants.

Case No. 21-CV-617-JPS

**ORDER**

      Plaintiff Julius Garrison, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the above-named defendants violated his Eighth Amendment rights. (Docket #1). On July 19, 2021, Plaintiff filed a motion to amend his complaint and an amended complaint naming additional defendants and clarifying his requested relief. (Docket #13). Plaintiff's motion to amend will be granted. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. *Id.* § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 9, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $16.37. (Docket #9). Plaintiff paid that fee on June 11, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's claims arose while he was incarcerated at Waupun Correctional Institution ("WCI"). (Docket #13). The defendants are WCI correctional officers Kyle Tritt ("Tritt"), Joseph Beahm ("Beahm"), Jeremy Staniec ("Staniec"), Lieutenant Nelson ("Nelson"), Lieutenant Mitchell ("Mitchell"), Andrew Larson ("Larson"), Lieutenant Dingman ("Dingman"), Correctional Officer Leopold ("Leopold"), Correctional Officer Russell ("Russell"), and Correctional Office Danika Cantu ("Cantu") (collectively, "Defendants"). (*Id.* at 5–6).

On April 30, 2020, at around 8:40 a.m., Plaintiff, feeling suicidal, told a correctional officer in his unit that he wanted to die. (Docket #13 at 7). The correctional officer reported Plaintiff's suicidal ideations to a supervisor, Staniec. (*Id.*) In response to Plaintiff's suicidal ideations, Staniec, Beahm, and Officers Glime and Davese escorted Plaintiff to a cell in the restrictive housing unit (the "RHU") for clinical observation. (*Id.*) Plaintiff was placed in Cell Number 227 on Range A in the RHU. The cell's sink, toilet, and

surrounding floor were contaminated with human feces and urine. (*Id.*) Plaintiff informed Staniec and Beahm, each of whom had the authority to put Plaintiff in another cell to have inmate custodial workers clean, but neither of them did anything to remedy the situation. (*Id.*) Throughout the day, Tritt, Mitchell, and Nelson conducted safety and wellness checks on Plaintiff. (*Id.* at 7–8). Plaintiff drew their attention to the feces and urine, but none of them did anything to remedy the situation. (*Id.*)

This pattern continued over the next several days—all told, Plaintiff alleges that he lived in an unsanitary, biohazardous environment from April 30 through May 4, 2020. From May 1 to May 4, Tritt, Nelson, Staniec, Dingman, Leopold, Russell, and Cantu each conducted safety and wellness checks on Plaintiff. (*Id.* at 8–9). Plaintiff repeatedly complained that his cell's toilet and sink were clogged with feces and urine, and that his cell had become uninhabitable as a result. (*Id.* at 8–9, 11). He begged to have the cell cleaned. (*Id.* at 11). Nobody did anything to help Plaintiff, and he remained in a cell with someone else's feces and urine smeared on and surrounding the toilet and sink. (*Id.*)

From April 30 to May 4, 2020, Plaintiff was barely able to eat his meals, could not defecate, and experienced stomach pain due to the conditions of his cell. (*Id.* at 9). Adding insult to injury, Plaintiff's only clothing during this time was a kilt; he did not have shoes, socks, underwear, pants, or a shirt. (*Id.*) Additionally, Plaintiff was not given a blanket, linen, towel, or washcloth; he received only six to eight squares of toilet paper per shift. (*Id.*) Thus, he alleges, in addition to being forced to live in an unsanitary environment, he also lacked basic hygiene items.

## 2.3 Analysis

### 2.3.1 Eighth Amendment

Plaintiff's allegations invoke his rights under the Eighth Amendment. To state a claim for unconstitutional conditions of confinement in violation of the Eighth Amendment, Plaintiff must first allege that he suffered a deprivation sufficiently serious that denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities"). Second, the plaintiff must allege that the defendant was deliberately indifferent to the plaintiff's health or safety. *Farmer*, 511 U.S. at 837. A claim for deliberate indifference requires allegations that the defendant was both aware of and disregarded "an excessive risk to inmate health or safety." *Id*.

Plaintiff alleges that his cell was contaminated with human feces and urine, which soiled the sink, toilet, and ground. The toilet and sink were unusable, which prevented him from relieving himself, and the stench made it horrible for him to eat his meals. This easily alleges a sufficiently serious deprivation—inmates are entitled to "adequate food, clothing, shelter, and medical care," *id.* at 832, which includes sanitary and hygienic living conditions. *See Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503–04 (7th Cir. 2016). Plaintiff also alleges that he informed each of the defendants, at least once, of the conditions in his cell and none of them did anything to remedy the situation, thereby sufficiently alleging that the defendants were all aware of the risks and failed to act appropriately. *Farmer*, 511 U.S. at 837.

The Court also notes that Plaintiff states a second claim for lack of clothing and hygiene supplies. While there may be institutional reasons to

withhold certain items from individuals in the RHU, at this juncture—and in light of the unsanitary conditions in which Plaintiff alleges he was forced to dwell—the Court will permit the claim to move forward. *See id.* at 832 (noting that adequate clothing is a minimally civilized measure of life's necessities). Plaintiff alleges that he wore a kilt the entire time he was in RHU and received only 6 to 8 squares of toilet paper "per shift," indicating that Defendants oversaw the distribution of hygiene goods and were thus aware of the deprivation. (Docket #13-1 at 9). Therefore, the Court will allow Plaintiff to proceed against all Defendants with a second claim of unconstitutional conditions of confinement in violation of the Eighth Amendment as it relates to his access to clothing and hygiene materials.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unconstitutional conditions of confinement regarding the clogged sink and toilet, in violation of the Eighth Amendment, against all Defendants.

**Claim Two:** Unconstitutional conditions of confinement regarding the lack of clothing and sanitary supplies, in violation of the Eighth Amendment, against all Defendants.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. If they do not file such a motion within forty-five days, that affirmative defense will be waived. The Court will issue a trial scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

Page 6 of 9
Case 2:21-cv-00617-JPS   Filed 12/17/21   Page 6 of 9   Document 16

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Docket #13) shall be the operative pleading in this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Kyle Tritt, Joseph Beahm, Jeremy Staniec, Lieutenant Nelson, Lieutenant Mitchell, Andrew Larson, Lieutenant Dingman, Correctional Officer Leopold, Correctional Officer Russell, and Correctional Officer Danika Cantu;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service or this affirmative defense is waived;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $333.63 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to

Page 7 of 9
Case 2:21-cv-00617-JPS   Filed 12/17/21   Page 7 of 9   Document 16

another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge